[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 26 June 1992 Date of Application: 9 July 1992 Date Application Filed: 24 July 1992 Date of Decision: 27 May 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport. Docket Number CR91-63336.
Rebecca Johnson, Esq., For the Petitioner.
Linda Howe, Esq., For the State of Connecticut.
The petitioner was convicted, after a trial by jury, of Assault 1st Degree in violation of Connecticut General Statutes53a-59 (a)(1) and Carrying a Pistol Without a Permit in violation of Connecticut General Statutes 29-37 (b). On the Assault count the court imposed a sentence of 20 years to serve and on the Pistol count a sentence of five years to serve. The court ran both counts consecutively for a total effective sentence of 25 years to serve.
The record shows that the petitioner and the victim were linked through a girlfriend. The petitioner walked into the victims apartment and got within four feet of the victim and began shooting at him. When the shooting stopped the victim had five bullets in the left leg and two in his penis.
At the hearing counsel for the petitioner acknowledged that the assault was indeed dramatic and painful. However she argued that the sentencing court did not give enough consideration to the fact that the petitioner had a very traumatic family background and more importantly that the petitioner was shot himself at the age of eight years old. She further noted that because of his abnormal family upbringing, which required repeated institutionalization, the petitioner was never afforded the opportunity for normal development as a human being.
In petitioner's counsel's brief she argues that the court noted the fact that the petitioner did not exhibit remorse, and that the court gave too much weight to this factor. Counsel felt that petitioner was maintaining his constitutional rights to remain silent and to penalize the petitioner for doing so was misplaced. Finally counsel asked this panel to reduce the sentence imposed as it was inappropriate.
The petitioner when he spoke to the panel argued he got the maximum sentence because he lost it at the sentencing and cursed the Judge. He asked the panel for mercy noting that some people that he is in jail with have been given less time for more serious crimes.
The state argued that the sentence was appropriate for the viciousness of the crime and the fact that the petitioner was CT Page 6604 convicted of prior crimes. She noted that the petitioner was out on Community Release at the time of the incident and he had a prior conviction with a gun involved when he was a juvenile. Counsel noted the petitioner's intent was to severely maim the victim and that the petitioner is lucky he is not subject to a murder count. The victim here had severe humiliating injuries that will disable him for the rest of his life. Counsel said that the sentencing judge took into consideration the petitioner's poor childhood, but felt strongly that the petitioner was a danger to the community. She urged this panel to affirm the courts sentence.
In reviewing the remarks of the sentencing court we find appropriate remarks of inquiry into the petitioner's background and family situation. While focusing on the lack of remorse of the petitioner the court was more broad in its search for an explanation or "some indication of remorse" . . . The trial judge has seen the petitioner on a daily basis and has an understanding of the factual basis of the case. It is reasonable for the court to look for some indication of remorse for the acts committed. Here the court searched and failed to find such indicators, however the record is clear that the sentence imposed was not fashioned to punish the petitioner for invoking his right to remain silent. It is noted in the record that the petitioner did use an expletive in addressing the court angrily. However this transgression took place after the court clearly and compassionately weighed the petitioner's criminal history and the affect that his childhood had on his outlook of life.
This Division's mandate is to modify sentences that are inappropriate and disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is imposed. When comparing that criteria to the court. We affirm sentencing.
Purtil, Klaczak and Norko, J.'s participated in this decision.
Norko, J.
Purtill, J.
Klaczak, J. CT Page 6605